IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. LEE,

    Petitioner,                            No. CIV S-06-2756 GEB CMK P

    vs.

D.K. SISTO, et al.,

    Respondents.                        FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel in this federal habeas action. Currently before the court is respondents' motion to dismiss the petition on the grounds that petitioner has not exhausted his state court remedies and on the grounds that the petition is untimely under the one-year limitation in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has not filed a response to the motion to dismiss.

I.    Exhaustion of State Remedies

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971),

1

Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

   Petitioner filed his first habeas petition in the California Supreme Court on July 31, 2006. He filed a second state habeas petition in the Third District Court of Appeal on August 2, 2006. His second state petition was denied on August 10, 2006. On January 17, 2007, petitioner filed a third state habeas petition with the California Supreme Court.

   Although both the July 2006 and January 2007 habeas petitions were pending in the California Supreme Court at the time that respondents filed their motion to dismiss, a review of the California Appellate Court's website reveals that both of these petitions were closed on February 7, 2007. See http://appellatecases.courtinfo.ca.gov/search. Accordingly, the court cannot find that petitioner's habeas claim is unexhausted and denies respondents' motion to dismiss on that basis.

II. AEDPA's One-Year Limitations Period

   The court considers respondents' assertion that this federal habeas petition is untimely under AEDPA's one-year statute of limitations. Congress enacted AEDPA on April 24, 1996. AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The one-year limitations period applies to all federal petitions filed after the effective date of AEDPA. As this petition was filed on December 12, 2006, AEDPA's statute of limitations applies. Untimely petitions are barred from federal review. See 28 U.S.C. § 2244(d).

   Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed. That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period. See 28 U.S.C. § 2244(d)(2).

AEDPA's one year statute of limitations provision is subject to equitable tolling. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc). In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003). The burden of demonstrating grounds for equitable tolling rests with the prisoner. See id.

Here, petitioner pled no contest to inflicting corporal injury upon a spouse and admitted one prior strike and violating felony probation. He was sentenced to a determinate state prison term of ten years. (Lod. Docs. 1-2.) The Third District Court of Appeal affirmed the judgement on December 28, 2004. (Lod. Doc. 2.) Petitioner filed a petition for rehearing on January 12, 2005, and, on January 19, 2005, the court granted the petition for rehearing and vacated the judgment entered on December 28, 2004. (Lod. Docs 3-4.) On January 20, 2005, the Third District Court of Appeal issued an opinion on the rehearing, affirming the judgment. (Lod. Doc. 5.) Petitioner sought review with the California Supreme Court, which was denied on April 13, 2005. (Lod. Docs. 6-7.)

Following the California Supreme Court's denial, petitioner had 90 days to file a petition for certiorari with the United States Supreme Court. The time to seek direct review ended upon expiration of the 90-day period, and petitioner's conviction became final on July 12, 2005. AEDPA's one-year statute of limitations began running the following day, on July 13,

2005.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, the last day to file a federal petition was on July 12, 2006, plus any time for tolling.

The proper filing of a state court habeas petition with respect to the relevant judgment or claim tolls AEDPA's one-year limitations period.  See 28 U.S.C. §. 2244(d)(2).  Here, petitioner filed his first state habeas petition on July 31, 2006–over two weeks after the time for filing a federal habeas petition expired.  Accordingly, he did not file any state habeas petition within the one-year limitations period.

The court is mindful that the Ninth Circuit has held that the "mailbox rule" set forth in Houston v. Lack, 487 U.S. 266 (1988) applies to state and federal habeas petitions with respect to calculating AEDPA's statute of limitations.  See Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000).  In Houston, the court found that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the Clerk of the Court.  See Houston, 487 U.S. at 266.  Accordingly, the filing date of an inmate's habeas petition may also be the date that it is signed.  See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  "Absent evidence to the contrary in the form of prison logs or other records, we will assume that [petitioner's] motion was delivered to prison authorities the day that he signed it...." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Petitioner's habeas petition bears a signing date of June 30, 2006, which is nearly two weeks before AEDPA's one-year limitations period would have run.  Respondent, however, has presented evidence in the form of prison outgoing mail logs for petitioner for the months of June and July 2006, which show that legal mail addressed to the California Supreme Court was mailed out on July 28, 2006.  Accordingly, the evidence shows that petitioner delivered his first state habeas petition to prison authorities for mailing on July 28, 2006, well after AEDPA's one year limitation period ran on July 13, 2006.  In light of the fact that petitioner has presented no argument to rebut the respondents' maillog evidence, the court finds that, even assuming that the filing date of petitioner's state habeas application is the date that he delivered it to prison

4

authorities—July 28, 2006, his petition is still untimely under AEDPA, and must be dismissed.

III.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss be granted.

2. Petitioner's application for a writ of habeas corpus be dismissed for as untimely under AEDPA's one-year statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 9, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

5